# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-1951V

|  |  |
|---|---|
| MICHAEL STAFFARONI, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: November 2, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 4, 2021, Michael Staffaroni filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged he suffered a Table injury – Guillain-Barré syndrome ("GBS") (sub-type: Miller Fisher Syndrome) – as a result of an influenza vaccine received on January 2, 2020. Petition at 1. On July 14, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and participation in a Motions Day Hearing. ECF No. 28.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $22,144.48 (representing $21,342.40 for fees and $802.08 for costs). Petitioner's Application for Fees and Costs filed Sept. 12, 2023, ECF No. 35. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at ¶ 4. Respondent did not file a response.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

I note this case required additional briefing regarding the issue of damages and participation in an expedited Motions Day. *See* Status Report, filed Jan. 27, 2023, ECF No. 20 (reporting an impasse in damages discussions); Petitioner's Brief in Support of Damages, filed Mar. 15, 2023, ECF No. 23; Petitioner's Damages Reply Brief, filed May 10, 2023, ECF No. 25; Hearing Minute Entry, dated July 14, 2023 (regarding the July 14, 2023 hearing). Petitioner's counsel expended approximately 19.2 hours drafting the brief in support of damages; and 5.4 hours drafting the reply brief, totaling 24.6 hours. ECF No. 35 at 8-9. I find this amount of time to be reasonable and I will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 35 at 12-18. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$22,144.48 (representing $21,342.40 for fees and $802.08 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Laura Levenberg.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master